STATE HIGHWAY COMMISSION *v.* TOWN-
SHIP OF ST. JOSEPH

1. EMINENT DOMAIN—DEDICATED PROPERTY.
    Property dedicated to the public use may not be taken under
    the eminent domain statute because that statute provides only
    for the acquisition of private property (MCLA 1969 Cum
    Supp § 213.366).

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  26 Am Jur 2d, Eminent Domain § 89.
[2]  27 Am Jur 2d, Eminent Domain § 390 *et seq.*
[3]  27 Am Jur 2d, Eminent Domain § 444.

2. EMINENT DOMAIN—NECESSITY—PARTIES—TOWNSHIPS—DEDICAT-
ED PROPERTY.

> Township had a justiciable interest under the eminent domain
> statute and was a proper party to review the necessity of
> the taking by the state highway commission of property
> dedicated to the township for recreational use (MCLA § 213-
> .368).

3. APPEAL AND ERROR—EMINENT DOMAIN—JUDGMENT—FINALITY.

> A judgment in an eminent domain proceeding was not final and
> appealable as of right where the trial court did not make a
> finding, as required by the eminent domain statute, on the
> question of whether the state highway commission's attempt
> to condemn township park property constituted fraud or an
> abuse of discretion in regard to the necessity of taking such
> property as alleged by landowner (MCLA § 213.368; GCR
> 1963, 806.1).

Appeal from Berrien, Nathan J. Kaufman, J.,
presiding.  Submitted Division 3 October 9, 1969, at
Grand Rapids.  (Docket No. 6,725.)  Decided Feb-
ruary 5, 1970.

Complaint by State Highway Commission against
St. Joseph Township, a municipal corporation, for
condemnation for highway purposes of private
property dedicated to township as a recreational
area.  Motion for review of necessity filed by de-
ɪendant township.  Judgment for plaintiff.  Defend-
ant appeals.  Remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Louis J. Caruso,*
Assistant Attorney General, and *Henry W. Gleiss,*
Special Assistant Attorney General, for plaintiff.

*Hartwig, Crow & Jones,* for defendant St. Joseph
Township.

Before: R. B. Burns, P. J., and Holbrook and Levin, JJ.

Holbrook, J. This case originated as an eminent domain proceeding brought by the Michigan State Highway Commission against different lot owners in a subdivision in St. Joseph township pursuant to MCLA 1969 Cum Supp § 213.361 (Stat Ann 1969 Cum Supp § 8.261[1]).

The evidence revealed that the particular area in question had been dedicated by the owners of the plat to the township of St. Joseph as a recreational area. A motion for review of necessity pursuant to MCLA § 213.368 (Stat Ann 1969 Cum Supp § 8.261[8]) was filed by the township which charged the plaintiff commission with fraud or abuse of discretion in the taking. St. Joseph township properly asserted that property dedicated to the public use may not be taken under the eminent domain statute since it provides only for the acquisition of private property.

The trial court ruled that the property in question had been properly dedicated to the use of the public and accepted by St. Joseph township. It further ruled that the township was estopped from asserting its ownership since it had made no improvements to the area after they accepted the dedication. This last ruling, to be tenable, would necessarily be based on abandonment of the park area by the township. See, *West Michigan Park Association* v. *Department of Conservation* (1966), 2 Mich App 254, and 1 Callaghan's, Michigan Civil Jurisprudence, Abandonment, § 4, p 3, *et seq.* The court further ruled that St. Joseph township had a justiciable interest under the statute and was a proper party to review the necessity of the taking. However, the trial court declined to rule on the question of whether the

attempt to condemn the park property under the facts in the case would constitute fraud or abuse of discretion.

. The statute provides:

"At the hearing the court *shall* determine whether or not there has been either fraud or abuse of discretion in regard to such necessity. Appeal from the findings of the court may be taken as in other civil cases." MCLA § 213.368 (Stat Ann 1969 Cum Supp § 8.261[8]). (Emphasis supplied).

Both the opinion of the trial court and the order appealed from show that the trial court expressly deferred consideration of, and reserved decision on, this question.

Since the trial court did not make a finding on this question, this Court cannot consider the judgment as a final judgment appealable as of right under GCR 1963, 806.1.

We therefore remand the cause to the trial court for further proceedings and a determination of this question. We do not retain jurisdiction.

No costs, a public question being involved.

All concurred.